# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NED P. RULE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00694-TWP-MJD |
| | ) | |
| MAINSTREET CAPITAL PARTNERS LLC, | ) | |
| MAINSTREET INVESTMENT COMPANY LLC, | ) | |
| MAINSTREET DEVELOPMENT COMPANY LLC, | ) | |
| MAINSTREET HEALTH LLC, | ) | |
| MAINSTREET HEALTH MANAGEMENT LLC, | ) | |
| MAINSTREET ASSET MANAGEMENT LLC, | ) | |
| PAUL EZEKIEL TURNER, | ) | |
| SCOTT FANKHAUSER, and | ) | |
| JASEN COLDIRON, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date

the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Complaint alleges that "Plaintiff was and still is a resident of the State of Colorado, maintaining a principal residence therein." ([Filing No. 1 at 1](#).) Similar allegations of residency of the three individual defendants are asserted. *Id.* at 3. These allegations of state residency, not citizenship, are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Furthermore, the Complaint alleges that "Defendant Mainstreet Capital Partners LLC, (hereafter "Mainstreet Capital") was and still is a Limited Liability Company within the State of Indiana, authorized to [sic] business therein." *Id.* at 1. Similar allegations regarding the four other LLC defendants are asserted. *Id.* at 2. However, these jurisdictional allegations do not establish the citizenship of the LLC defendants. Alleging the identity and citizenship of each of the members of the defendant limited liability companies is necessary for this Court to determine whether it has jurisdiction.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the members of the LLC defendants and those members' citizenship. It also should specifically identify the state citizenship, not residency, of the individual parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

    **SO ORDERED.**

Date: 3/13/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lloyd J. Weinstein
THE WEINSTEIN GROUP PC
6800 Jericho Turnpike, Suite 112W
Syosset, NY 11791
ljw@theweinsteingroup.net