# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NED P. RULE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00694-TWP-MJD |
| | ) | |
| MAINSTREET CAPITAL PARTNERS LLC, | ) | |
| MAINSTREET INVESTMENT COMPANY LLC, | ) | |
| MAINSTREET DEVELOPMENT COMPANY LLC, | ) | |
| MAINSTREET HEALTH LLC, | ) | |
| MAINSTREET HEALTH MANAGEMENT LLC, | ) | |
| MAINSTREET ASSET MANAGEMENT LLC, | ) | |
| PAUL EZEKIEL TURNER, | ) | |
| SCOTT FANKHAUSER, and | ) | |
| JASEN COLDIRON, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND ENTRY ON JURISDICTION

On March 13, 2018, the Court ordered the Plaintiff to file a supplemental jurisdictional statement, identifying the citizenship of each of the parties and the specific identity of the LLC Defendants' members and those members' citizenship (Filing No. 5).

On March 27, 2018, the Plaintiff filed his Supplemental Jurisdictional Statement (Filing No. 8) and an Amended Complaint (Filing No. 7). However, the filings neglected to identify the members of any of the LLC Defendants and their citizenship. The Court reiterates, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

Furthermore, the Plaintiff's filings allege the citizenship of the three individual defendants based "upon information and belief." However, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

Based upon the Plaintiff's Supplemental Jurisdictional Statement and Amended Complaint, the Court still is unable to determine whether diversity jurisdiction exists. Therefore, the Plaintiff is **ORDERED** to file another supplemental jurisdictional statement that establishes the Court's jurisdiction over this case. The jurisdictional statement should specifically identify the members of the LLC Defendants and those members' citizenship as well as the citizenship of the individual parties. This Supplemental Jurisdictional Statement is due **fourteen (14) days** from the date of this Entry. Failure to comply may result in dismissal if this Court lacks jurisdiction.

**SO ORDERED.**

Date: ___4/23/2018___

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

A. Richard Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Steven P. Lammers
SMITHAMUNDSEN LLC
slammers@salawus.com

Debra Ann Mastrian
SMITHAMUNDSEN LLC
dmastrian@salawus.com

Lloyd J. Weinstein
THE WEINSTEIN GROUP PC
ljw@theweinsteingroup.net