UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NED P. RULE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00694-JPH-MJD |
| | ) |
| MAINSTREET CAPITAL PARTNERS LLC, | ) |
| MAINSTREET INVESTMENT COMPANY LLC, | ) |
| MAINSTREET DEVELOPMENT COMPANY LLC, | ) |
| MAINSTREET HEALTH LLC, | ) |
| MAINSTREET HEALTH MANAGEMENT COMPANY, LLC, | ) |
| MAINSTREET ASSET MANAGEMENT, INC., | ) |
| PAUL EZEKIEL TURNER, | ) |
| JASEN COLDIRON, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS COLDIRON AND
TURNER'S MOTION TO DISMISS**

Defendants Jasen Coldiron and Paul Ezekiel Turner have filed a motion to dismiss Count II of Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. [25]. For the reasons that follow, that motion is GRANTED. Defendant Scott Fankhauser also moved to dismiss Count II, incorporating Defendants Coldiron and Turner's arguments. Dkt. [29]. Because Defendant Fankhauser has since been dismissed from this case, dkt. 90, dkt. 93, that motion is DENIED as moot.

1

**Factual and Procedural History**

Because Defendants Coldiron and Turner have moved for dismissal under Rule 12(b)(6), the Court "accept[s] the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Mainstreet—a collection of corporate entities specializing in real estate development, value investments, and health care—hired Plaintiff Ned P. Rule in September 2015 as its "Managing Director — Investment." Dkt. 7 at 5 ¶ 30. Plaintiff's employment contract with Mainstreet included various guarantees, including a compensation package "guaranteed for three years," except in the case of his termination "for cause." Dkt. 7-1. Plaintiff was terminated around November 15, 2017—a little over two years after his employment began. Dkt. 7 at 10 ¶ 72. No "cause" was given. Dkt. 7 at 11 ¶¶ 88–90.

Plaintiff now alleges three causes of action against several Mainstreet defendants. Dkt. 7 at 1–3 ¶¶ 2–14, 11–16 ¶¶ 81–135. Defendants Coldiron and Turner move solely for dismissal of Count II. Dkt. 25 at 1. They are the only defendants remaining in Count II; a third defendant—Scott Fankhauser— has been dismissed by joint stipulation of the parties, dkt. 90, dkt. 93.

In Count II, Plaintiff alleges that Defendants Coldiron and Turner tortiously interfered with his employment contract when they "purposely sought out a way to avoid [Mainstreet's] contractual obligation" to Plaintiff. Dkt. 7 at 13 ¶ 107. Specifically, Defendants attempted to "induce [Mainstreet] to terminate Plaintiff's employment in accordance with their own desires," dkt.

7 at 14 ¶ 109; "sought to find or invent a 'cause' to terminate Plaintiff even though no such 'cause' existed," dkt. 7 at 13 ¶ 108; and, when they could not find or invent a "cause," fired him without one, dkt. 7 at 14 ¶ 109. By doing so, Plaintiff claims, Defendants Coldiron and Turner tortiously interfered with his employment contract. Dkt. 7 at 14 ¶ 114.

Defendants Colidiron and Turner filed this motion to dismiss Count II under Federal Rule of Civil Procedure 12(b)(6). Dkt. 25.

## Analysis

### I. Legal Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## II. Discussion

Count II is governed by Indiana law. *See Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516–17 (7th Cir. 2001). To state a claim for tortious interference with a contract, plaintiffs ordinarily must allege: "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach." *Melton v. Ousley,* 925 N.E.2d 430, 440 (Ind. Ct. App. 2010).

But Indiana law requires more when, as here, the plaintiff alleges tortious interference against an agent of a party to the contract. The Indiana Supreme Court has held that corporate officers—as corporate agents—cannot be personally liable for tortious interference with the contract unless their actions were outside the scope of their official capacity:

> A party cannot "interfere" with its own contracts, so the tort itself can be committed only by a third party. In the case of a corporation, the legal entity acts through its directors and officers. Thus, when officers or directors act in their official capacity as agents of the corporation, they act not as individuals but as the corporation itself. In doing so, they are not acting as a third party, but rather as a party to the contract and cannot be personally liable for tortious interference with the contract.

*Trail v. Boys and Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 138 (Ind. 2006) (citation omitted).

Here, then, Plaintiff "must not only allege the basic elements of tortious interference . . ., he must also allege some interfering act by [the] officers or

directors that rests outside their authority as agents of the corporation." *Id.* at 139.

Defendants Coldiron and Turner argue that Count II should be dismissed because Plaintiff has not alleged that they "acted outside the scope of their official capacity as agents of the corporation." Dkt. 26 at 9. Plaintiff responds by arguing that the Complaint does allege that Defendants acted outside the scope of their authority. Dkt. 39 at 10. So whether Count II should be dismissed turns on a single question: has Plaintiff alleged that Defendants Coldiron and Turner acted outside the scope of their official capacity in terminating Plaintiff's contract?

Plaintiff says yes, pointing to his allegation that Defendants Coldiron and Turner attempted to "invent[] and manufactur[e] a reason [to fire Plaintiff] in accordance with their own desires." Dkt. 39 at 5, 9; *see* dkt. 7 at 13 ¶ 108. "This act of malfeasance," Plaintiff claims, "takes their actions outside the scope of their employment and into the scope of a personal conspiracy against Plaintiff." Dkt. 39 at 10. Plaintiff cites Florida-law decisions holding that corporate parties to a contract (and their officers) can be held liable under a tortious interference claim if they "act maliciously or with conspiratorial motives," dkt. 39 at 8–9, but he cites no Indiana authority in support of his position.

Defendants Coldiron and Turner argue that Plaintiff's allegations are insufficient because, under Indiana law, even a personal, conspiratorial motive to fire Plaintiff is not be enough to take their actions outside their official

5

capacity. Dkt. 45 at 4. For support, they cite *Trail*, arguing that the plaintiff there had made—and lost—the same motive-based argument that Plaintiff now pursues. Dkt. 45 at 4. They argue that the *Trail* court rejected the claim that corporate directors' actions are outside the scope of their official capacity when motivated by personal ill-will towards the plaintiff. Dkt. 45 at 4.

*Trail* is controlling here. Taking Plaintiff's allegations as true, under Indiana law neither the action of trying to manufacture a reason to terminate Plaintiff nor the motive of personal, conspiratorial desire can take the Defendants outside of their official capacity as agents of the corporation.

The alleged action itself—trying to manufacture a reason to terminate Plaintiff's employment—cannot serve as the basis for Plaintiff's tortious interference claim against Defendants Coldiron and Turner. The plaintiff in *Trail* made a nearly identical allegation: that certain corporate officers "contrived a study . . . the purpose of which . . . was to discredit [the plaintiff] and justify his termination." *Trail*, 845 N.E.2d at 133. The *Trail* court held that this allegation was not enough to bring the defendant corporate officers outside their official capacity because under "[b]asic corporate agency law" corporate directors "enjoy a wide range of authorized powers," including "the authority to investigate and evaluate" employees. *Id.* at 139. Similarly, Plaintiff here does not allege that the act of terminating employment contracts—as a general category—is outside these Defendants' authority as agents of the corporation. Under *Trail*, even crafting a "contrived" and "biased" report to justify a termination is within the scope of corporate authority. *Id.*

6

Plaintiff's allegation that Defendants Coldiron and Turner tried to come up with a reason to support termination of his contract for cause where no cause existed is no more than what was alleged in *Trail*.

Nor can the alleged personal motive pull that action outside Defendants Coldiron and Turner's official capacity. The plaintiff in *Trail* made a nearly identical allegation: that the corporate officer defendants "acted out of ill will towards [the plaintiff], making their actions personal rather than corporate in nature." *Id.* at 140. The *Trail* court held that the authority of a corporate agent is assessed "irrespective of the supervisor's motivations." *Id.* (citing *Martin v. Platt*, 386 N.E.2d 1026 (Ind. Ct. App. 1979)). Defendants Coldiron and Turner's motives thus cannot take their actions outside the scope of their authority as agents of the corporation. *Trail*, 845 N.E.2d at 140.

For these reasons, Count II of Plaintiff's amended complaint fails to state a claim upon which relief can be granted and must be dismissed.

## Conclusion

Defendants Coldiron and Turner's motion to dismiss Count II of Plaintiff's amended complaint, Dkt. [25], is GRANTED; Count II of Plaintiff's amended complaint is DISMISSED. Defendant Scott Fankhauser's motion to dismiss Count II of Plaintiff's amended complaint, dkt. [29], is DENIED as moot.

Plaintiff's complaint may be amended again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Any leave to amend must be sought by March 13, 2019. *See generally id.*; S.D. Ind. L.R.

15-1. If leave to amend is not sought or is denied, the Court will dismiss Count II with prejudice.

**SO ORDERED.**

Date: 2/13/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

A. Richard Blaiklock, M.
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Steven P. Lammers
SMITHAMUNDSEN LLC (Indianapolis)
slammers@salawus.com

Debra Ann Mastrian
SMITHAMUNDSEN LLC (Indianapolis)
dmastrian@salawus.com

Lloyd J. Weinstein
THE WEINSTEIN GROUP PC
ljw@theweinsteingroup.net