UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NED P. RULE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00694-JPH-MJD |
| ) | |
| MAINSTREET CAPITAL PARTNERS LLC, ) | |
| MAINSTREET INVESTMENT COMPANY ) | |
| LLC, ) | |
| MAINSTREET DEVELOPMENT COMPANY ) | |
| LLC, ) | |
| MAINSTREET HEALTH LLC, ) | |
| MAINSTREET HEALTH MANAGEMENT ) | |
| COMPANY, LLC, ) | |
| MAINSTREET ASSET MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Ned Rule, alleges that he was fired without cause and denied compensation in violation of his employment contract. Mr. Rule has filed a motion for summary judgment, arguing that the undisputed evidence shows that there was no cause for his termination. Dkt. [107]. In response, Defendants contend that a jury must evaluate disputed facts to determine whether there was cause for Mr. Rule's termination. Defendants have moved for partial summary judgment, arguing that only Mainstreet Asset Management ("MAM") employed Mr. Rule, so the other Mainstreet entities cannot be held liable even if Mr. Rule was terminated without cause. Dkt. [114]. For the

1

reasons below, Mr. Rule's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is **GRANTED**.

# I.
# Facts and Background

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016).  For each motion, the Court views the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.*

Mr. Rule began working for Mainstreet—a collection of corporate entities specializing in real estate development, value investments, and health care—in September 2015 as its "Managing Director — Investments." Dkt. 114-1 at 2–3, 7.  Mr. Rule's employment contract included a compensation package "guaranteed for three years . . . with the exception of termination for cause." *Id.* at 7.

Mr. Rule received positive performance reviews throughout his time at Mainstreet.  *See* dkt. 107-2.  But Mainstreet did not raise adequate capital, and Mainstreet Capital Partners "struggled" without "enough capital to cover its own costs."  Dkt. 114-1 at 3–5.  Mainstreet offered Mr. Rule a smaller compensation package in October 2017, dkt 107-16, then terminated his employment on November 15, 2017, dkt. 114-1 at 5.

Mr. Rule brought this action, alleging breach of contract (Count I), tortious interference with contract (Count II), and breach of an implied covenant of good faith and fair dealing (Count III).  Dkt. 7.  Count II has been dismissed.  Dkt. 98.  Mr. Rule has moved for summary judgment on the

remaining counts, dkt. 107; Defendants have cross-moved for summary judgment, arguing that only MAM is an appropriate defendant, dkt. 114.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on cross motions for summary judgment, the Court takes the motions "one at a time," viewing and reciting the evidence and drawing all reasonable inferences "in favor of the non-moving party."  *Williams*, 832 F.3d at 648.  Indiana substantive law governs this case.  *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019).

## III.
## Analysis

### A. Defendants' motion for partial summary judgment

Defendants argue that MAM was Mr. Rule's only employer, so the other Mainstreet entities are entitled to summary judgment.  Dkt. 115 at 15–18.  Mr. Rule responds that there are triable issues of fact about whether the other

Mainstreet entities were his employer or were third-party beneficiaries of the employment contract. Dkt. 117 at 7.

Defendants have designated evidence from the CEO of several Mainstreet companies—including MAM—that MAM "employed all Mainstreet employees" and that while Mr. Rule "worked with [Mainstreet Capital Partners], he was employed by MAM." Dkt. 114-1 at 2, 4. Mr. Rule's W-2s also identify only MAM as his employer. *Id.* at 9–11. Mr. Rule designates no contrary evidence on this point. However, he argues that because he was required to raise investment for other Mainstreet entities, his employment may have been under a third-party beneficiary contract. Dkt. 117 at 7.

A third-party beneficiary contract exists when "(1) the parties intend to benefit the third party, (2) the contract imposes a duty on one of the parties in favor of the third party, and (3) the performance of the terms of the contract renders a direct benefit to the third party intended by the parties to the contract." *Hale v. R.R. Donnelley & Sons*, 729 N.E.2d 1025, 1029 (Ind. Ct. App. 2000). But even if a third-party beneficiary contract exists here, Mr. Rule cites no authority allowing him to enforce it against third-party Mainstreet entities. Dkt. 117 at 7. Indeed, allowing enforcement against third parties would subject them to contract liability even though they did not agree to the contract and even if they "had no knowledge of the agreement at the time it was made." *Garco Indus. Equip. Co. v. Mallory*, 485 N.E.2d 652, 654 (Ind. Ct. App. 1985). For those reasons, third-party beneficiaries "have no contractual obligations, only benefits." *Implement Serv., Inc. v. Tecumseh Prods. Co.*, 726 F. Supp.

4

1171, 1182–83 (S.D. Ind. 1989). So while third-party beneficiaries can "sue in some circumstances for enforcement of the contract," they "[cannot] be sued." *Id.* That forecloses Mr. Rule's claims. *See id.*

In sum, Mr. Rule has designated no evidence showing that any Mainstreet entity other than MAM was his employer. And he cannot recover from other Mainstreet entities even if they were third-party beneficiaries. *See Tecumseh Prods. Co.*, 726 F. Supp. at 1182. The Mainstreet entities other than MAM are therefore entitled to summary judgment.

### B. Plaintiff's motion for summary judgment

Mr. Rule argues that he's entitled to summary judgment on his remaining claims—breach of contract and breach of an implied covenant of good faith and fair dealing. Dkt. 108-1 at 11; *see* dkt. 7 at 11, 15. Indiana law governs these claims, so the Court must do its "best to predict how the Indiana Supreme Court would decide" the issues. *Webber*, 923 F.3d at 482. MAM concedes, at least for summary judgment, that Mr. Rule's employment contract allowed termination only for cause. *See* dkt. 115 at 10–11. The contract does not define "for cause." *See* dkt. 114-1 at 3, 7.

"Under Indiana law, just cause for termination normally must be related to performance." *Tacket v. Delco Remy*, 959 F.2d 650, 653 (7th Cir. 1992) (citing *Peterson v. Culver Educ. Found.*, 402 N.E.2d 448, 451 (Ind. Ct. App. 1980)). "[W]hether an employee was fired for just cause is a question of fact" ordinarily reserved to a jury. *Id.* (citing *Rochester Capital Leasing Corp. v. McCracken*, 295 N.E.2d 375, 378 (Ind. Ct. App. 1973)). So Mr. Rule is entitled

5

to summary judgment only if no reasonable jury could find that his termination was justified. *See id.* Mr. Rule argues that is the case here because the evidence shows that he was terminated without cause in violation of his employment contract. Dkt. 108-1 at 12. MAM responds that there are triable issues of fact about whether it terminated Mr. Rule for cause. Dkt. 115 at 11.

The parties have designated conflicting evidence about whether Mr. Rule was terminated for cause. Mr. Rule has designated evidence that he received only positive performance reviews, *see* dkt. 107-2, that MAM actively searched for "cause" to terminate him, dkt. 107-8 at 2, and that MAM wanted to continue his employment (though at reduced compensation) as few as twenty days before his termination, dkt 107-16. MAM has designated evidence that it hired Mr. Rule to bring in investment capital, but he "was not successful in raising sufficient funds for the Mainstreet companies." Dkt. 114-1 at 3–5. Without those funds, Mainstreet Capital Partners "struggled" and "did not raise enough capital to cover its own costs." *Id.* at 4–5.

From that evidence, a reasonable jury could find that Mr. Rule met all expectations and therefore was not terminated for cause. *See Peru Sch. Corp. v. Grant*, 969 N.E.2d 125, 135 (Ind. Ct. App. 2012). Or it could find that Mr. Rule failed to raise enough capital and therefore was terminated for cause. *See id.* The existence of the triable issue of fact as to whether Mr. Rule was fired for cause makes summary judgment inappropriate. *See Tacket*, 959 F.2d at 653–54 ("Under Indiana's highly factual, performance-based standard, the

issue of whether there is just cause for termination is not easily susceptible to summary judgment.").

## IV.
## Conclusion

Mr. Rule's motion for summary judgment is **DENIED**. Dkt. [107]. Defendants' motion for partial summary judgment is **GRANTED**. Dkt. [114]. All defendants except Mainstreet Asset Management, Inc. are **DISMISSED**; the clerk **shall terminate** them as defendants on the docket.

**SO ORDERED.**

Date: 10/20/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Debra Ann Mastrian
SMITHAMUNDSEN LLC (Indianapolis)
dmastrian@salawus.com

Suzanne S. Newcomb
SMITHAMUNDSEN LLC (Indianapolis)
snewcomb@salawus.com

Allison Jean Smith
SMITHAMUNDSEN LLC
ajsmith@salawus.com

Lloyd J. Weinstein
THE WEINSTEIN GROUP PC
ljw@theweinsteingroup.net